**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:12-cv-20920-Seitz-Simonton

SUNLUST PICTURES, LLC,

      Plaintiff,

vs.

DOES 1 – 120,

      Defendants.
_____/

**MOTION FOR HEARING**

Plaintiff, Sunlust Pictures, LLC, ("SL") by and through the undersigned counsel files this motion for hearing and in support thereof states the following:

1. SL files this motion for hearing to resolve two pending motions that are ripe for review. Two motions on behalf of two unidentified John Does, one filed by attorney William R. Wohlsifer, (ECF 8), the other filed pro se, (ECF 12) are delaying the release of subscriber information that SL needs so that it could move this litigation forward to name and serve respective Defendants, within the 120 day time limit, if necessary. Without the subscriber information, SL cannot begin its investigation, depose the Doe Defendants, in question, and move the litigation forward. As a result, SL requests a hearing or a ruling without a hearing as soon as practicable.

2. The complaint was filed March 6th, 2012 (ECF 1). The Court granted early discovery on March 13th, 2012 (ECF 6). SL responded to the first adverse motion on May 4th,

1

2012, (ECF 11); SL responded to the second adverse motion on May 25th, 2012, (ECF 16). The motions are ripe for review.

3. There are good reasons why the Court should issue a ruling without a hearing. Other courts in the Southern District have already ruled on similar motions, and they have denied similar moving parties' motions to quash in similar litigation. Companion courts in the Southern District have agreed that similar movants' motions suffer from fatal procedural defects and their factual arguments do not provide a basis to quash Plaintiff's subpoena or for entry of a protective order. Please see *Boy Racer, Inc. v. Does 1-34*, No.1:11-CV-23035-DLG (S.D. August 23, 2011), (ECF 59); and *AF Holdings, LLC v. Does 1-162*, No. 1:11-23036-RNS (S.D. August 23, 2011) (at ECF 27). This Honorable Court should follow precedent and deny the two pending motions to quash without a hearing because the court orders in the cases mentioned supra address the same arguments this court would address in a hearing.

4. Nevertheless, should this Honorable Court prefer to schedule a hearing on the pending motions, SL, through the undersigned, is ready and eager to attend the hearing and argue the merits of both adverse motions. SL's principal concern is the delay in obtaining records, which in turn allows account holders and their co-conspirators to evade responsibility for infringing on Plaintiff's copyrighted content. The delay also prevents SL from naming and serving the proper Defendants in this case.

5. It should be noted that while SL served the Court's order granting early discovery (ECF 6) on the Internet Service Providers (ISPs), these ISPs typically refuse to disclose the records, pending the resolution of unsettled motions. ISPs are also bound by federal law to destroy records within 180 days; thus, if the ISPs destroy the information, SL would be without a

remedy while it continues to suffer economic and statutory damages from account holders such as the moving parties in this case or their household members.

6. Another reason why Plaintiff desires to resolve the pending motions is it is unlikely that Plaintiff will be able to name and serve a Defendant within the 120 day time limit pursuant to the rules of procedure. If the Plaintiff fails to name and serve a Defendant within 120 days, it is the Plaintiff whom the Court would hold responsible. In theory and in practice all parties should want an expeditious resolution to the pending litigation, but it appears that a strategy is emerging from moving parties, who file motions to quash: Their hope is that Plaintiff does not respond to the motions or that the Court allow the motions to sit on the docket while the ISPs withhold the subscriber information. The Doe Defendants believe filing an adverse motion stops the release of information and allows them to evade responsibility. Movants/account holders' strategy of delaying a resolution should not be allowed; the pending motions should not be permitted to linger and sit on the docket without a decision on the merits.

7. Plaintiff adds that because of Internet-based piracy (the way Internet users may hide under the cloak of the Internet to steal copyrighted content) the only way Plaintiff can obtain the identifying information of individuals whose IP addresses have been caught using the BitTorrent protocol to distribute and reproduce Plaintiff's copyrighted content is by subpoenaing the records from the ISPs. This process takes time because ISPs are required to give precedence to governmental and non-private entities. Moreover ISPs frequently refuse to furnish subscriber information once an adversarial motion to quash is filed, deciding to wait for a court's pending ruling. Plaintiff is certain that someone in the account holders' household committed the infringing act – intentionally. Plaintiff simply wants to find out whom the responsible person is. Once Plaintiff obtains the account holders' contact information, if the account holders do not

3

cooperate, Plaintiff must pursue the litigation by taking the account holder's deposition to see if the account holder is the infringer of Plaintiff's copyrighted content before naming and serving them. However Plaintiff cannot move the litigation forward if there are pending adverse motions.

## CONCLUSION

For the foregoing reasons, Plaintiff, Sunlust Pictures, LLC, respectfully requests the Court issue a ruling denying the pending motions because there is case law in the Southern District that is on point, and it favors denying the pending motions without a hearing; alternatively, Plaintiff requests the Court schedule a hearing on the pending motions as soon as practicable.

Respectfully submitted,

Sunlust Pictures, LLC

DATED: June 19, 2012

By:   /s/ Joseph Perea
      Joseph Perea (Bar No. 47782)
      Joseph Perea, P.A.
      9100 S. Dadeland Blvd
      Suite 1500
      Miami, Florida 33156
      Tel: 305-396-8835
      Fax: 305-396-8752
      E-mail: Perealaw@gmail.com
      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 19, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

  /s/ Joseph Perea
  JOSEPH PEREA