UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-20920-Seitz/Simonton

SUNLUST PICTURES, LLC,

    Plaintiff,

vs.

DOES 1 – 120,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO MOVANT'S RENEWED MOTION FOR ATTORNEY'S FEES**

An anonymous individual ("Movant") moved the Court for an award of attorney's fees in the amount of $5,336.25. (ECF No. 40.)[1] For the reasons discussed herein, the motion is clearly erroneous and must be denied. Further, Movant's attempt to proceed anonymously must also be denied.

**DISCUSSION**

Movant's request for attorney's fees is clearly erroneous because Movant—as a matter of law—is not a prevailing party. Further, the presumptive right of public access to the courts and due process principles both demand that Movant's attempt to proceed anonymously be denied.

**I.  Legal Standard**

Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise

---

[1] Movant originally filed his motion for attorney's fees on Auguest 21, 2012. (ECF No. 30.) This motion was denied when Movant filed renewed motion for attorney's fees, making the original moot. (ECF No. 43.) While Movant's renewed motion is nearly identical to Movant's original motion and Plaintiff already responded Movant's arguments (ECF No. 32), Plaintiff files this response out of an abundance of caution.

1

> provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. A precondition to an award of fees under Section 505 is that the party moving for the fee be a prevailing party. *See Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982). Prevailing party status turns on whether there has been a "material alternation of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (U.S. 2009). Dismissal without prejudice precludes prevailing party status. *Cadkin v. Loose*, 569 F.3d 1142, 1145 (9th Circ. 2009) (holding dismissal without prejudice precludes prevailing party status under Section 505); *see also Cable/Home Communication Corp. v. Network Productions*, 902 F.2d 829, 853 (11th Cir. 1990) ("Generally, the prevailing party under the attorneys' fee authorization of section 505 of the Copyright Act is identified as the party succeeding on a significant litigated issue that achieves some of the benefits sought by that party in initiating the suit…. A party's success on a claim that is purely technical or *de minimus* does not qualify him as a prevailing party.").

## II. Movant is Not a Prevailing Party

Movant is not a prevailing party. In fact, Movant is not even a party. At most, Movant is merely a third party who is on notice of his potential status as a party defendant. *Sampson v. Village Discount Outlet, Inc.*, No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994); *accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115 (2d Cir. 2010) (affirming the district court order adopting the magistrate judge's recommendation to deny the motion to dismiss because the "defendants, not having been served with process, were not yet parties") (internal quotation marks omitted); *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, No. 07-cv-1005, 2008 WL 746669, at *1 n.2 (N.D. Ohio Mar. 18, 2008) (unserved defendant is "not a party to th[e] motion to dismiss"); *c.f. F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636

F.2d 1300, 1310–11 (D.C. Cir. 1980) (describing the entity about whom the information was sought by subpoena as neither "an accused in a criminal action nor . . . a defendant in a civil action" but as "merely a third-party witness on notice of its potential status as a party defendant").

Movant calls himself a defendant in his motion, but the decision about whom to name as a defendant is for Plaintiff to make, not Movant. *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) (Howell, J.) ("[T]he plaintiff may, based on its evaluation of [putative defendants'] assertions, decide not to name these individuals as parties in this lawsuit. On the other hand, the plaintiff may decide to name them as defendants in order to have an opportunity to contest the merits and veracity of their defenses . . . .").

Even if Movant was a party, he did not prevail. Movant was dismissed without prejudice. Plaintiff is free to re-file its case against Movant, name and serve him with process. *Cadkin*, 569 F.3d at 1145 (9th Circ. 2009). Movant has not materially altered his legal relationship with Plaintiff. All he has managed to accomplish is have Plaintiff's claims against him heard separately from other defendants.

Finally, it bears mentioning that the Court's dismissal of Movant from this case was in error. The omnibus order contained a finding of misjoinder. Federal Rule of Civil Procedure 21 states that "[m]isjoinder of parties is not a ground for dismissing an action" and improper joinder may be remedied by "drop[ping]" a party and severing the claim. Fed. R. Civ. P. 21. The remedy for misjoinder is to create separate actions containing the same claims against the dropped defendant. *See Bailey v. Fulwood*, 708 F.Supp.2d 20, 26 (D.D.C. 2011); *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("[S]everance of

claims under Rule 21 results in the creation of separate actions."). Following the severance order, Plaintiff's claims against Movant should have continued in a separate action.

### III. Movant's Attempt to Proceed Anonymously Must be Denied

Movant has not received leave from the Court to proceed anonymously, nor has he filed a motion for leave to proceed anonymously. "[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3rd Cir. 2011) (citation omitted). That Movant may suffer "embarrassment or economic harm [from being associated with plaintiff's claims] is not enough." *Id.* Instead, Movant must show "both (1) a fear of severe harm and (2) that the fear of severe harm is reasonable." *Id.* (citing *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). "It is the exceptional case in which a [party] may proceed under a fictitious name." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). Movant has not demonstrated a fear of severe harm. (*See generally* ECF No. 40.) Indeed, Movant literally has described no basis for his failure to identify himself on his pleadings. Movant's efforts run afoul of the "public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank,* 951 F.2d at 322.

For defendants facing criminal charges, the right of cross-examination is embedded in the Sixth Amendment. In civil cases, the right to cross-examine is part of the fundamental due process to which all parties are entitled. As an attorney's fees motion, Movant's motion is intensely fact-specific. There are alarming factual discrepancies in Movant's motion, such as the inconsistency between the amount Movant paid his attorney ($800) and the amount he is now seeking in fees ($5,336.25). Further, this Court has no way to assess and Plaintiff has no chance to argue the various factors that are relevant to the Court's discretion without an opportunity to

4

depose Movant. If Movant would ask this Court to award him money, the Plaintiff must be allowed the chance to examine him.

                                          Respectfully submitted,

                                          Sunlust Pictures, LLC

DATED: March 12, 2013

                               By:    /s/ Maurice Castellanos
                                          Maurice Castellanos (Bar # 104371)
                                          MAURICE CASTELLANOS, P.A.
                                          1031 Ives Dairy Road, Suite 228
                                          Miami, Florida 33179
                                          Phone: 305-338-2687
                                          Facsimile: 954-332-2906
                                          *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 12, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

    /s/ Maurice Castellanos  
Maurice Castellanos