UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SUNLUST PICTURES, LLC,

  Plaintiff,

v.           Case No:  1:12-cv-20920-PAS

DOES 1 - 120,

  Defendants.

_____/

**DEFENDANT'S, IP ADDRESS 70.191.179.209, REPLY TO PLAINTIFF'S RESPONSE TO MOVANT'S RENEWED MOTION FOR ATTORNEY'S FEES**

COMES NOW defendant, IP Address 70.191.179.209 ("Defendant"), by and through the undersigned counsel, who hereby files this Reply to Plaintiff's Response to Movant's Renewed Motion for Attorney's Fees, and would show as follows.

**I.  Memorandum of Law**

This Reply ("Reply") challenges the legal conclusions drawn by the Plaintiff and questions the authenticity of the facts relied upon in Plaintiff's Response to Movant's Renewed Motion for Attorney's Fees ("Response") **(Dkt. #45)**. This Reply fully incorporates and adopts each argument raised in the Renewed Motion for Attorney's Fees **(Dkt. # 40)**.

**A.  Legal Standard**

Plaintiff agrees with Defendant that 17 U.S.C. § 505 applies to this present action and provides for an award of reasonable attorney's fee to the prevailing party. Plaintiff likewise pleaded for attorney's fees and costs of suit in its Complaint.  (Compl. ¶ 36.)

Plaintiff suggests that, "[d]ismissal without prejudice precludes prevailing party status," citing *Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009). This is fully discussed below. Further and

also more fully discussed below, Plaintiff suggests that Defendant's success in this action "is purely technical or *de minimus.*" This is not so. Plaintiff pleaded for statutory damages up to up to $150,000 or actual damages against Defendant (Compl. ¶ 35), attorney's fees and costs up to $150,000 (Compl. ¶ 36), impoundment of personal property (Compl., Wherefore Clause ¶ 3), declaratory relief (Compl., Wherefore Clause ¶ 7), and injunctive relief (*Id.*). Defendant, by way of its Motion to Quash, obtained severance from this action, dismissal of the claims against Defendant, and vacation of the Order that granted early discovery. **(Dkt. # 26.)** The relief obtained, particularly when contrasted against the remedies sought by Sunlust, facially shows that such relief is neither technical nor *de minimus.*

### B.  Movant is not a Prevailing Party

Not only does Plaintiff state that, "Movant is not a prevailing party," but Plaintiff goes on to suggest that, "Movant is not even a party."  (Response, 2.) Plaintiff further suggests that, "[a]t most, Movant is merely a third party." (*Id.*) Plaintiff states that, "Movant calls himself a defendant in his motion, but the decision about whom to name as a defendant is for Plaintiff to make, not Movant." (Response, 3.) This statement contradicts the very language of Plaintiff's Compliant, the entirety of which postures Defendant as "Defendant" both through the ordinary use of the word as a pronoun and as term of art or legal parlance. If the named Doe Defendants were third parties to this action, as Plaintiff now argues they are, then there would be no defendants in this action, since the ISPs subpoenaed by the Plaintiff in this action were not named as defendants. Clearly, the ISP assumed third-party status, and the Defendant is indeed the defendant.

That this Defendant was not served process is irrelevant. Defendant was noticed of an opportunity to be heard or suffer the consequences of inaction and then made a special

appearance through legal counsel. Defendant's situation is no different from one who comes forward to challenge the perfection of a subpoena served, despite Plaintiff's contention that it is "free to re-file its case against Movant, name and serve him with process." (Response, 3.)

Plaintiff's interpretation of the case law it provides in its Response misleads the Court. Plaintiff cites *Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009), for the proposition that, "dismissal without prejudice precludes prevailing party status under Section 505." (Response, 2.) *Cadkin* has no bearing on the present case, because the party claiming attorney's fees in *Cadkin* was dismissed by way of voluntary dismissal. *Cadkin,* 569 F.3d at 1145. ("Because the plaintiffs in this lawsuit remained free to refile their copyright claims against the defendants in federal court following their voluntary dismissal of the complaint, we hold the defendants are not prevailing parties and thus not entitled to the attorney's fees the district court awarded them.") It is elementary that the first voluntary dismissal is deemed to be not on the merits, while the second is. Neither scenario applies to the present action, which was adjudicated by the Court in favor of Defendant's Motion to Quash.

Later, Plaintiff contorts the same language from *Cadkin*, quoted in the paragraph immediately above, to reach the conclusion of law that since Movant was dismissed without prejudice and Plaintiff is free to re-file its case against the Movant, Movant did not prevail. (Response, 3.) This statement misapplies *Cadkin* and again ignores the pertinent fact that the *Cadkin* dismissal was voluntary, when the present was adjudicated on the merits.

Plaintiff relies on *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829 (11th Cir. 1990), which Defendant also relied on in his Renewed Motion for Attorney's Fees. However, each party's reliance differs. Defendant includes *Cable/Home* to provide guidance on criteria to determine the reasonableness of an attorney's fee. Plaintiff postures

*Cable/Home* seemingly to imply that Defendant's success in the underlying action was purely technical or *de minimus,* and therefore does not qualify for a fee award. (Response, 2.) To be clear, in *Cable/Home*, attorney's fees were awarded for a comparable success. *See Cable/Home*, 902 F.2d at 860 ("In summary, the district court's orders granting summary judgment to plaintiffs-appellees, awarding them damages without trial, awarding them requested attorneys' fees, denying defendants-appellants' motion to dismiss for lack of personal jurisdiction, and denying their motion for a second extension of time to respond to plaintiffs' summary judgment motion are AFFIRMED.").

The line of cases Plaintiff relies upon for the proposition that the Defendant is not a party to this action on the grounds that Defendant was not served process (Response, 2) involve denials of motions to dismiss, quash, sever or vacate on the grounds that the defendant lacked standing. *See e.g.*, *Arista Records LLC v. Doe 3*, 604 F.3d 110, 115 (2nd Cir. 2010) ("The defendants, not having been served with process, were 'not yet parties' " and thus could "not properly move for dismissal for failure to state a claim.") Each of the cited cases were decided outside the Eleventh Circuit. Nevertheless, in the present case this Court found standing and ruled in favor of Defendant's Motion to Quash. Additionally, this Court as well as the Middle and Southern Districts of Florida have adjudicated many of these types of cases against anonymous doe defendants.

Next, Plaintiff postures *F.T.C. v. Compagnie de Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300 (C.A.D.C., 1980) to support the conclusion that since the Plaintiff has yet to perfect process upon the Movant, the Movant is merely a third-party witness on notice of its potential status as a party defendant. (Response, 2-3.)  This was so in *F.T.C.,* but not here, because the entity referred to in the quoted language from *F.T.C.* indeed was not named in the lawsuit, but was a witness-

recipient of a congressionally authorized subpoena based on international practice. *F.T.C.,* 636 F.2d at 1304 ("This case [*F.T.C.*] addresses a narrow issue of broad international consequence: did Congress expressly or impliedly authorize the Federal Trade Commission (FTC or Commission) to serve its investigatory subpoenas directly upon citizens of other countries by means of registered mail?"). Here, Movant was named as a Doe Defendant, and the third-party witness was the out-of-state subpoenaed ISP. The cited provision from *F.T.C.* has no relevancy to the issue at bar.

Next, Plaintiff contends "that the Court's dismissal of Movant from this case was in error" and provides case law and legal argument in support of such contention. (Response, 3.) No more needs to be said on this issue raised, other than the time to appeal the Court's ruling ran on August 23, 2012. It is not proper to raise such objections now.

### C.  Movant's Attempt to Proceed Anonymously Must be Denied

First, there is no motion pending for the Movant to proceed anonymously. Second, the argument that Movant not be allowed to proceed anonymously is being made by the party that named Movant anonymously on its own volition. The cases relied upon by Plaintiff in its Response simply do not apply to the case at bar. They are each based on fact patterns different from the present case. A showing of "fear of severe harm" is not a condition precedent for a litigant to seek an award of attorney's fees. (Response, 4.) Plaintiff's analogy to the right to cross-examine defendants facing criminal charges also has no bearing on the present case. (Response, 4.) Nor does Plaintiff's contention that the Plaintiff must be allowed to depose the Movant to "assess and . . . argue the various factors that are relevant to the Court's discretion" in determining the reasonableness of the attorney's fee sought have any significant import. (Response, 4.)

On the contrary, the client's testimony is not relevant to a showing of reasonableness. Defendant's counsel provided detailed time records of the attorney's time incurred, under oath, **(Dkt. # 40-1)** and a collaborating affidavit of reasonableness sworn to by Defendant's expert witness **(Dkt. # 40-2)**. No more is needed. Counsel and Defendant's expert witness are prepared to defend the reasonableness of the fee award sought.

As to the pejorative statement made by Plaintiff that, "[t]here are alarming factual discrepancies in Movant's motion, such as the inconsistency between the amount Movant paid his attorney ($800) and the amount he is now seeking in fees ($5,336.25)" (Response, 4), Defendant would show that there is nothing alarming or discrepant about these readily ascertainable facts. The client paid $800, as stated and reflected in the fee agreement, and the attorney is seeking $5,336.25, as reflected in the Attorney's Affidavit of Time. (Exhibits A and B to Defendant's Renewed Motion; **Dkt. ## 40-1 & 40-2.**) Defendant's Renewed Motion articulated criteria the Court may look to when adjudicating the reasonableness of an attorney's fee, including the well-known loadstar principle and the twelve considerations articulated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). The amount paid by the client is not included in these criteria. Indeed, many attorney fee awards determined using the loadstar principle involving contingent-fee agreements where the amount paid, if any, by the client is determined post-judgment.

It is worth noting that not once does Plaintiff state that the amount prayed for by the Movant is not reasonable.

## II.  Conclusion

The Court should find that Defendant has standing to move for an award of attorney's fees incurred in bringing forth and prevailing on Defendant's, IP Address 70.191.179.209,

Motion to Quash Subpoena, Special Appearance Motion To Dismiss Action, and Memorandum of Law in Support Thereof. An attorney fee award is available to a party dismissed without prejudice, except on a voluntary dismissal, which did not occur here. Plaintiff inappropriately equates dismissal without prejudice with prevailing party status. Defendant prevailed on the merits. The Copyright Act provides for an attorney fee award to the prevailing party in this action. The law and facts show no alternative but to find that Defendant was the prevailing party in this action and is entitled to recover reasonable costs, including attorney's fees under 17 U.S.C. § 505, and such other relief the Court deems equitable and just under the circumstances.

Respectfully submitted by:

**WILLIAM R. WOHLSIFER, PA**
By: /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No:  86827
1100 E Park Ave Ste B
Tallahassee, Florida 32301
Tel:  (850) 219-8888
Fax: (866) 829-8174
E-Mail:  william@wohlsifer.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document was served on all parties receiving electronic notification via the Court's CM/ECF system as of March 18, 2013.

By: /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No:  86827