**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-20920-CIV-SEITZ/SIMONTON**

**SUNLUST PICTURES, LLC,**

      **Plaintiff,**

**v.**

**DOES 1-120,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION RE: DEFENDANT'S RENEWED VERIFIED MOTION
FOR ATTORNEY'S FEES AND REQUEST FOR HEARING**

      This matter comes before the Court on Defendant IP Address 70.191.179.209's ("Defendant") Renewed Motion for Award of Attorney's Fees and Request for Hearing (DE # 40), pursuant to an Order of Reference entered by the Honorable Patricia A. Seitz, United States District Judge.  (DE # 31).  Plaintiff Sunlust Pictures, LLC ("Plaintiff") filed a response (DE # 45), and Defendant filed a reply (DE # 46) along with supplemental authority (DE # 47).  Having considered the parties' papers and the record, and for the reasons set forth below, the undersigned recommends that the Court deny Defendant's motion for fees on the basis that Defendant is not a prevailing party.[1]

      I.     **BACKGROUND**

          A.     **Complaint for Copyright Infringement and Motion to Dismiss**

      This matter was initiated on March 6, 2012, when Plaintiff filed a Complaint (DE #

---

      [1]**Defendant also filed an additional Request for Hearing on Defendant's Unopposed Renewed Motion for Attorney's Fees.  (DE # 44).  The undersigned has determined that a hearing is not needed to assist in the disposition of this motion.**

1) against 120 unnamed Defendants alleged to have infringed the copyright of Plaintiff's adult film through the use of a filing sharing protocol known as BitTorrent.  Plaintiff thereafter filed a motion for leave to take discovery prior to the Rule 26(f) conference (DE # 5), which the Court granted on March 13, 2012 (DE # 6).  Plaintiff then obtained subpoenas in various jurisdictions for the record custodians of the Internet Service Providers ("ISP") used by the infringing unnamed Defendants.  The subpoenas would allow Plaintiff to obtain the name and contact information for each individual associated with a particular IP address.

Defendant learned of the subpoena and obtained counsel to enter a special appearance to argue and file a motion to quash the subpoena and to dismiss the action. (DE # 8).  As part of that motion, Defendant argued that the 120 unnamed Defendants were not properly joined pursuant to Federal Rule of Civil Procedure 20.  (DE # 8 at 11). Noting that jurisdictions throughout the country had found the joinder of numerous unnamed defendants improper in BitTorrent cases, Defendant argued that the downloading and filing sharing of Plaintiff's adult film did not constitute the same "transaction, occurrence, or series of transactions or occurrences" under Federal Rule of Civil Procedure 20.  (DE # 8 at 11-14).  Defendant therefore argued that the action should be dismissed or the Defendants severed pursuant to Federal Rule of Civil Procedure 21.  (*Id.* at 14).

      B.    <u>Omnibus Order Granting Motion to Dismiss Without Prejudice and Severing Defendants 2-120</u>

In analyzing whether to sever the Defendants and dismiss them from the action, this Court looked to the requirements of Rule 20(a)(2) for permissive joinder.  Fed. R.

Civ. P. 20(a)(2).  Rule 20(a)(2) allows defendants to be joined in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any questions of law or fact common to all defendants will arise in the same action."  Fed. R. Civ. P. 20(a)(2); *see also* (DE # 26).  This Court found that Defendants downloading of the same video using BitTorrent protocol did not constitute the same "transaction, occurrence, or series of transactions or occurrences" in connection to the other Defendants necessary to fulfill the Rule 20(a)(2) joinder requirement.  (DE # 26 at 8).  Concluding that severing Defendants promoted efficiency pursuant to Rule 1,[2] and finding misjoinder under Rule 20(a)(2), this Court granted Defendant's motion.  (DE # 26 at 10).  The Court's Order further required Plaintiff to notify the Court of Defendant One's identity and severed Defendants 2-120 from the action, dismissing the claims against them without prejudice.  (DE # 26).  On July 31, 2012, Plaintiff identified Defendant One as IP address 174.48.237.47.  (DE # 28).

      C.    <u>Request for Attorney's Fees</u>

The Defendant at bar filed a Verified Motion for Award of Attorney's fees in the amount of $5,336.25, which was referred to the undersigned (DE # 30) and fully briefed by the parties (DE ## 32 and 33).  After Plaintiff voluntarily dismissed Defendant One (DE

---

[2] Rule 1 encompasses the principle of judicial economy by requiring "just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  This Court noted that allowing joinder of defendants in BitTorrent copyright infringement actions poses efficiency-related problems of increased individual defenses, cumbersome motion practice, and overly burdensome discovery.  (DE # 26).

# 39), the Defendant at bar filed a renewed motion and request for hearing (DE # 40).[3] This Court entered a Final Order of Dismissal (DE # 42) on December 19, 2012, and denied as moot the first motion for attorneys fees (DE # 43).  The second motion for attorney's fees is fully briefed (DE ## 45 and 46) and Defendant also submitted supplemental authority (DE # 47).

### D.   Positions of the Parties

Defendant maintains that it is entitled to an award of $5,336.25 in attorney's fees under § 505 of the Copyright Act because it is a "prevailing party" and the amount of fees is reasonable.  (DE # 40 at 3)(citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 853 (11th Cir. 1990).  In response, Plaintiff argues that Defendant is not a prevailing party because: (1) it is not even a "party" to this suit; and (2) it was dismissed without prejudice.  (DE # 45 at 1-3).  Plaintiff asserts that it is free to re-file a case against Defendant and that the dismissal has not materially altered the legal relationship of the parties.  (*Id.*)(citing *Cadkin v. Loose*, 569 F.3d 1142, 1145 (9th Cir. 2009).  Defendant argues that it is a "party" to this action, it prevailed on Plaintiff's request for more than $150,000 in damages, and dismissal of the claims here was neither technical nor *de minimis*.  (DE # 46).

---

[3]Defendant filed the duplicative motion in an effort to comply with Local Rule 7.3's requirement that any motion for attorney's fees be filed within 60 days of the entry of final judgment.  (DE # 40 at ¶10).  Defendant apparently assumed the notice of voluntary dismissal required no further action by the Court and constituted a final entry of judgment.  (DE # 40 at ¶9).

## II.   LEGAL STANDARD

Section 505 of the Copyright Act is one of several federal statutes[4] that overrides the normal "American" rule that a party pays its own attorney's fees, providing instead that a prevailing party may recover its attorney's fees.   17 U.S.C. § 505.   The Supreme Court has held that for purposes of such statutes, a party is not a "prevailing party" where it has failed to secure a judgment on the merits or a court-ordered consent decree. *Buckhannon Bd. and Home Care v. W. Va. Dept. of Health and Human Serv*., 532 U.S. 598, 605 (2001).[5]   To be considered a prevailing party, there must be a "judicially sanctioned change in the legal relationship of the parties."   *Id*.   Succeeding on a "purely technical or *de minimis*" claim does not satisfy the "prevailing party" requirement. *Cable/Home*, 902 F.2d at 853.

## III.   LEGAL ANALYSIS

The undersigned finds little support for Defendant's contention that it is a "prevailing party" under § 505.   Defendant succeeded in persuading the Court that it had been improperly joined with 119 other parties in this lawsuit because the allegations of the Complaint did not establish that the alleged infringement constituted the same

---

[4] *See, e.g.*, the Civil Rights Act of 1964, 78 Stat. 259, 42 U.S.C. § 2000e–5(k), the Voting Rights Act Amendments of 1975, 89 Stat. 402, 42 U.S.C. § 1973 l(e), and the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, 42 U.S.C. § 1988.

[5] Although *Buckhannon* concerned the fee-shifting provisions of the Fair Housing Amendments Act of 1988 and the Americans with Disability Act of 1990, it is clear that *Buckhannon* applies with equal force to the fee-shifting provision of the Copyright Act at issue here.   *See, e.g., Cadkin*, 569 F.3d at 1149; *Tavory v. NTP Inc*., 297 F. App'x. 986, 989 (Fed. Cir. 2008); and *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 164-65 (1st Cir. 2007).

"transaction, occurrence, or series of transactions or occurrences" under Rule 20(a)(2). As a result, the Court found severance appropriate and dismissed 119 of the Defendants and allowed the Plaintiff to proceed against the first named Defendant.  (DE # 26 at 10-11).  The Court, in reaching that decision, did not find any facts, examine any evidence or decide any issue in the case relating to the <u>merits</u> of Plaintiff's copyright claim.  A decision that Plaintiff cannot proceed in one action against 120 Defendants, but must file 119 separate lawsuits against the severed Defendants, can only be described as procedural.  That ruling did not affect the legal relationship between Plaintiff and the Defendant here; the Plaintiff may still file an identical lawsuit against the Defendant.

The Ninth Circuit has concluded that a dismissal subjecting a defendant to a risk of refiling does not alter the legal relationship of the parties.  *Cadkin*, 569 F.3d at 1149. In *Cadkin,* after the plaintiff voluntarily dismissed its suit, defendants moved for attorneys fees as "prevailing parties" under § 505.  After noting that a dismissal without prejudice subjected defendants to "the risk of refiling" the same lawsuit, relying on *Buckhannon*, the court concluded that the voluntary dismissal did not alter the legal relationship of the parties and the defendants were therefore not prevailing parties under the statute.  *Id.* at 1149.  Like the defendants in *Cadkin*, the Defendant here was, and is, subject to the risk of Plaintiff refiling the same lawsuit.

Moreover, Defendant's reliance on *Cable/Home* is misplaced.  (DE # 40 at 3). Defendant suggests that prevailing on a motion to dismiss in this case cannot be described as technical or *de minimus* when the Eleventh Circuit awarded attorney's fees for a "comparable success" in *Cable/Home*.  (*Id.*).  In *Cable/Home*, the district court granted summary judgment in favor of the plaintiff finding the defendants infringed their

copyrights and awarded damages.  902 F.2d at 839.  Because summary judgment was entered by default in *Cable/Home*, the Defendant here seems to suggest that it enjoyed similar success on the motion to dismiss for misjoinder.  The outcomes in the two cases, however, could not be more different.  The plaintiffs in *Cable/Home* obtained a judgment on the merits and an award of damages.  As noted by the appellate court, the plaintiffs successfully protected their copyrights, which was the principal objective of the lawsuit.  902 F.2d at 853.  In contrast, the Defendant here merely obtained a severance from the other infringers.  Defendant did not successfully defend a copyright suit; the merits in this case were never reached and no final judgment entered.  Plaintiff remains free to file an identical lawsuit against Defendant.  There is simply no basis to equate the outcome in *Cable/Home* with the result in this case.

The Defendant also relies on *Ingenuity 13 LLC v. John Doe*, No. 12 Civ. 8333, 2013 WL 1898633 (C.D. Cal. May 6, 2013) to support an award of attorney's fees in this case. (DE # 47).  Defendant points out that the plaintiffs sanctioned in *Ingenuity 13 LLC* are the same parties that brought the present case to this Court.  (*Id.* at ¶5).  Because Plaintiff's conduct here is "substantially similar" to the conduct sanctioned in *Ingenuity 13 LLC*, Defendant suggests that the decision supports its request for attorney's fees.  *Ingenuity 13 LLC*, however, has no application here.  The impetus for awarding attorney's fees in that case was the court's order to show cause why sanctions should not be awarded against the plaintiff and its attorneys.  *Ingenuity 13 LLC*, 2013 WL 1898633 at *1.  After considering an award of sanctions under Federal Rule of Civil Procedure 11(b)(3) and the

local rules, the court imposed monetary sanctions under its inherent authority.[6]  *Id.* at \*3-6.  Here, however, the only matter for the Court to determine is the motion for attorney's fees filed by Defendant.  That motion was filed pursuant to § 505 of the Copyright Act and seeks an award of attorney's fees as a "prevailing party" under the statute.  Thus, a decision awarding sanctions based on conduct in another case, albeit involving the same party, is irrelevant to the instant determination of whether this Defendant is a "prevailing party" under § 505.

IV.    <u>CONCLUSION</u>

Based on the foregoing, the undersigned finds that Defendant's success on the motion to dismiss was purely technical and only altered the procedural posture of the case, not the legal relationship of the parties.  Accordingly, Defendant is not a "prevailing party" under *Buckhannon* and §505.[7]  It is hereby,

RECOMMENDED that:

(1)    Defendant IP Address 70.191.179.209's Renewed Verified Motion for Attorney's Fees and Request for Hearing (DE # 40) be **DENIED**; and

(2)    Defendant IP Address 70.191.179.209's Request for Hearing on Defendant's Unopposed Renewed Motion for Attorney's Fees (DE # 44) be **DENIED**.

---

[6]The sanctionable conduct involved misrepresentations to the court, filing fraudulent documents, and ignoring court orders, none of which is present in the case at bar.

[7]This recommended disposition makes it unnecessary to reach Plaintiff's arguments that Defendant was never a "party" to this case and that Defendant should not be permitted to proceed anonymously.

The parties will have fourteen days from the date of service of this Order within which to file written objections, if any, for consideration by the assigned United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988); *Resolution Trust Corp. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in chambers in Miami, Florida on the 1st day of August, 2013.

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
          The Honorable Patricia A. Seitz
          Counsel of Record

**9**