UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-20920-CIV-SEITZ/SIMONTON

SUNLUST PICTURES, LLC,

       Plaintiff,

v.

DOES 1-120,

       Defendants.

_____/

## ORDER OVERRULING OBJECTIONS AND AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES

THIS MATTER is before the Court on the Report and Recommendation of the Honorable Andrea M. Simonton [DE-48] and Defendant IP Address 70.191.179.209's objection thereto [DE-49]. Magistrate Judge Simonton recommends denying Defendant's Renewed Verified Motion for Attorney's Fees and Request for Hearing [DE-40] on the basis that Defendant is not a "prevailing party" for purposes of the fee-shifting provision of the Copyright Act, 17 U.S.C. § 505. Based on a *de novo* review of the record, Magistrate Judge Simonton's report and recommendation, as well as Defendant's objections, the Court agrees with the findings of fact and conclusions of law in the report. Thus, the Court will affirm and adopt Magistrate Judge Simonton's recommendation denying Defendant's Motion for Award of Attorney's Fees.

The central issue is whether the Magistrate Judge was mistaken in concluding that Defendant's success on its motion to dismiss [DE-8] was "purely technical and only altered the procedural posture of the case, not the legal relationship of the parties," such that Defendant is not a prevailing party under the standard articulated in *Buckhannon Bd. and Home Care v. Va. Dept. Of Health and Human Serv.*, 532 U.S. 598 (2001). In the report, Magistrate Judge Simonton noted that in dismissing the underlying action for misjoinder pursuant to Federal Rule of Civil Procedure 20, the Court did not address the merits of Plaintiff's copyright claim, did not issue a final judgment, and granted the motion to dismiss

without prejudice, so that Plaintiff remained free to file an identical suit against Defendant. *See* Report, at 6.

In its Objection, Defendant does not address the issue at hand – namely, whether it was a "prevailing party" given that no judgment on the merits or court-ordered consent decree was issued in this case. *See Buckhannon*, 532 U.S. at 605. Instead, Defendant relies on inapposite caselaw. In two of the three cases cited in the Objection, the trial court either dismissed the underlying copyright infringement suit *with prejudice*, or issued a final judgment in favor of the party moving for attorney's fees. *See AF Holdings LLC v. Navasca*, No. C-12-2396 EMC (N.D. Cal.) [DE 49-2, at 1]; *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 618 (6th Cir. 2004). As to the remaining case, *Guava LLC v. Merkel*, Defendant merely summarizes the outcome without explaining its relevance to this action. Accordingly, it is

ORDERED that

(1) The Report and Recommendation [DE-48] is AFFIRMED AND ADOPTED.

(2) Defendant IP Address 70.191.179.209's Objection to the Report and Recommendation [DE-49] is OVERRULED.

(3) Defendant IP Address 70.191.179.209's Renewed Verified Motion for Attorney's Fees and Request for Hearing [DE-40] is DENIED.

(4) Defendant IP Address 70.191.179.209's Request for Hearing on Defendant's Unopposed Renewed Motion for Attorney's Fees [DE-44] is DENIED.

DONE and ORDERED in Miami, Florida, this 20 day of August, 2013

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record